**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **(1)  JULIE KATHRYN HUTCHINGS,** | § | |
| **Individually and on behalf of THE** | § | |
| **ESTATE OF MICHAEL H.** | § | |
| **HUTCHINGS;** | § | |
| **(2) KIMBERLY ANNE HUTCHINGS** | § | |
| **as next friend of MADISON EVE** | § | No. _____ CV _____ |
| **HUTCHINGS and ANNA MARIE** | § | |
| **HUTCHINGS; and** | § | **Jury Trial Requested** |
| **(3)  MAURY SHANE HUTCHINGS** | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | **Judge:** |
| **vs.** | § | |
| | § | |
| **(1) UNITED PARCEL SERVICE, INC.;** | § | |
| **and** | § | |
| **(2) ALBERT RAY SMITH** | § | |
| | § | |
| **Defendants** | | |

## PLAINTIFFS' ORIGINAL COMPLAINT

### I.

1.0     This is Wrongful Death and Survival Action relating to the wrongful death of Michael H. Hutchings caused as a result of being struck by a delivery truck owned by United Parcel Service, Inc., (hereinafter referred to as UPS) and operated by its employee Albert Ray Smith (hereinafter referred to as SMITH) while in the course and scope of his employment. Jurisdiction is based on 28 U.S.C. §1332(a). At the time of his death, Michael H. Hutchings was not married.  He was survived by four children, all of whom are Plaintiffs in this suit.

1.1     Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(c)(2), and 1391(d).  UPS is a corporation over whom this Court has

personal jurisdiction.  UPS maintains daily, continuous, purposeful, intentional contacts within the Eastern District of Texas and, specifically, within the Marshall Division.  At 1203 East End Blvd., Marshall, Texas 75670, UPS maintains a retail store know as The UPS Store®.  At this store, UPS employees ship and receive parcels and provide other services.  Outside the undersigned counsel's office located at 400 South Alamo, Marshall, Texas 75670, UPS has a drop box at which it picks up packages and correspondence on a regular basis.

1.2     Upon information and belief, UPS makes constant, intentional, systemic contact with the Eastern District and Marshall Division by delivering packages to residential and commercial customers, operating delivery trucks, and operating tractor-trailer trucks upon Interstate 20 and U.S. Highways 80 and 59.  Additionally, UPS operates aircraft within the Eastern District.  Based on the foregoing, this Court should find that UPS resides within the Marshall Division of the Eastern District of Texas making venue proper in this case. Defendant SMITH is a resident and citizen of Texas. This Court has pendent venue over the claims asserted against SMITH because the claims against SMITH share a common nucleus of operative facts with the claims against UPS and arise out of the same transaction or occurrence as the claims against UPS.

## II.

2.0     Plaintiff, Julie Kathyrn Hutchings is a resident and a citizen of the State of Louisiana.  This Plaintiff is bringing her own individual claim for Wrongful Death pursuant to Tex. Civ. Prac. & Rem. Code §71.001 *et seq.*  She is also bringing a Survival Action pursuant to Tex. Civ. Prac. & Rem. Code §71.021 *et seq.* on behalf of The Estate of Michael H. Hutchings.  Julie Kathyrn Hutchings is the oldest child of Michael H.

Hutchings, giving her capacity to bring suit on behalf of her father's estate.  Plaintiffs will show that Michael H. Hutchings died intestate and that no administration has been opened or is pending.  Further the Plaintiffs will show that no administration is necessary because the Plaintiffs have entered into a Family Settlement Agreement.

2.1     Plaintiff, Kimberly Anne Hutchings is a resident and citizen of the State of Louisiana.  Ms. Hutchings is bringing Wrongful Death claims pursuant to Tex. Civ. Prac. & Rem. Code §71.001 *et seq*. on behalf of her two minor daughters, Madison Eve Hutchings and Anna Marie Hutchings as next friend.  Both Madison and Anna are daughters of Michael H. Hutchings and Kimberly Anne Hutchings.

2.2     Maury Shane Hutchings is a resident and citizen of the State of Louisiana. Mr. Hutchings is bringing a Wrongful Death claim pursuant to Tex. Civ. Prac. & Rem. Code §71.001 *et seq*. Maury Shane Hutchings is the son of Michael H. Hutchings and Becky Hutchings.

### III.

3.0     Defendant United Parcel Service, Inc. is a Delaware Corporation headquartered in Atlanta, Georgia.  Defendant, United Parcel Service, Inc. may be served by and through its Registered Agent, Corporation Service Company D/B/A CSC-Lawyers INCO, 211 E. 7th Street, Suite 620, Austin, Texas  78701.

3.1     Defendant Albert Ray Smith is an individual.  SMITH is a resident and citizen of Texas residing at 3614 Patterson, Amarillo, Texas 79109.  Plaintiffs are bringing suit against SMITH in his individual capacity as more fully described herein below.

**IV.**

4.0     On September 20, 2012, Michael H. Hutchings was riding his bicycle on the shoulder of State Highway 217 at approximately 3:15 p.m. heading east when he was struck from behind by a UPS delivery van operated by SMITH and thrown to the ground.

4.1     Upon information and belief, Mr. Hutching's head struck the pavement causing severe head trauma, lacerations, abrasions and massive internal bleeding.  After striking Mr. Hutchings with his vehicle, SMITH performed a U-turn and returned to the scene.

4.2     According to the 911 call placed by SMITH, Mr. Hutchings was alive following the collision and bleeding heavily, especially from his ear.  A husband and wife traveling on the same roadway stopped to render aid to Mr. Hutchings.  The husband and/or wife turned Mr. Hutchings on his side as he lay upon the pavement to help him breathe because his lungs were filling with blood causing him to gasp to breath.  The husband and wife reside in Beaumont, Texas.

4.3     Once paramedics arrived, CPR was started and Mr. Hutchings was transported by ambulance to the Northwest Texas Healthcare System Emergency Department.  He was pronounced dead at 4:09 p.m. at the age of 56.  His death certificate listed blunt force trauma to the head as the cause of death.

**V.**

5.0     On the occasion in question, SMITH operated the vehicle owned by UPS and entrusted to him by UPS in a negligent manner, and SMITH violated the duty which he

owed Michael H. Hutchings to exercise ordinary care in the operation of his vehicle as follows:

    a.    In failing to maintain a proper lookout as a person of ordinary prudence would have maintained under the same or similar circumstances;

    b.    In failing to maintain a single lane;

    c.    In failing to yield the right of way;

    d.    In failing to take proper evasive action; and

    e.    In failing to apply the brakes properly and/or timely.

5.1    Each of the foregoing acts or omissions, whether taken singularly or in any combination, constitutes negligence, and was a proximate cause of Plaintiff's injuries and damages listed below.

5.2    Additionally, and/or in the alternative, the Plaintiffs will show that one or more of the acts or omissions of SMITH constituted negligence per se.  SMITH was negligent per se in failing to yield the right-of-way, in violation of Texas Transportation Code, or otherwise.   Such conduct was unexcused.   Texas Transportation Code was implemented to protect Michael H. Hutchings, and others similarly situated from the harm for which Michael H. Hutchings suffered by reason of the disregard of such statute by SMITH.

## VI.

6.0    At all times material hereto, SMITH was an agent, employee, and/or servant, acting within the course and scope of his employment for UPS.  In the alternative, SMITH was operating the vehicle in question in furtherance of the business purposes of UPS.   As

such, UPS is vicariously liable – jointly and severally – for the negligence of SMITH on the occasion in question, under the *Respondeat Superior* doctrine.

## VII.

7.0.     On information and belief, prior to collision in question, UPS entrusted its truck to SMITH for the purpose of operating it on the public streets and highways of Texas. Thereafter, SMITH operated the said vehicle with the knowledge, consent and permission of UPS.

7.1     On information and belief, at such time, UPS knew, or should have known, that SMITH was incompetent or unfit to safely operate a motor vehicle on public streets and highways in that SMITH was reckless, which made his operation of such vehicle dangerous. UPS knew, or in the exercise of due care should have known, that SMITH was an incompetent driver and would create an unreasonable risk of danger or persons or property on public streets and highways in Texas.

## VIII.

8.0     Plaintiffs further contend, on information and belief, that UPS was individually negligent in the following particulars, each of which individually, or in combination of one or more of the others was a proximate cause of the injuries and damages suffered by the Plaintiffs:

        a.     In failing to properly screen, supervise, train, monitor and/or discipline its driver in regard to enforcement of proper safety procedures and regulations regarding the operation of commercial vehicles on public highways;

        b.     In failing to create, promulgate, and or enforce proper safety and operation rules and regulations for his drivers and trucks;

    c.      In failing to enforce and ensure compliance of established safety and operational rules and regulations for its drivers and trucks;

    d.      In failing to properly maintain its trucks in safe operational condition pursuant to state and federal regulations;

    e.      In failing to maintain its trucks to the minimal standard of safety for trucks used in commercial intrastate and interstate transportation;

    f.      In failing to dismiss or adequately discipline employees who violated company, federal or state rules and regulations in the operation of its trucks; and

    g.      In participating in or otherwise ratifying and adopting a course and custom of practice within the company which promoted or allowed its trucks and drivers to repeatedly be in violation of state and federal regulations.

8.1    Each of the foregoing acts or omissions, whether taken singularly or in any combination, constitutes negligence, and was a proximate cause of the collision, which forms the basis of this suit and Plaintiff's resulting injuries and damages herein.

## IX.

9.0    Plaintiffs would show that they have lost the love, affection, solace, comfort, companionship, society, assistance necessary for a successful marriage, care, maintenance, support, services, advice, counsel, reasonable contributions of pecuniary value, and inheritence.  Plaintiffs would also show that they have suffered mental anguish and will continue to suffer mental anguish into the future. Plaintiffs would show they are entitled to recover of and from SMITH and UPS pursuant to the Texas Wrongful Death Statute found at Tex. Civ. Prac. & Rem. Code §71.001 *et seq.*

9.1    As a result of the wrongful death of Michael H. Hutchings, Plaintiffs seek a recovery of damages in excess of $2,000,000.00, in total, for the following damages:

    a.      mental anguish, in the past and future;

    b.     the loss of earning capacity, advice, counsel, services, care maintenance, support, and reasonable contributions of pecuniary value;

    c.     the cost of reasonable and necessary expenses to treat the Plaintiffs' emotional trauma in the past and future; and

    d.     the loss of companionship and society.

9.2    Plaintiff, Julie Kathryn Hutchings, is the oldest living child of Michael H. Hutchings who was not married at the time of his death.  She is an heir to his estate. Pursuant to the Texas Survival Statute found at Tex. Civ. Prac. & Rem. Code §71.021 et seq., Julie Kathryn Hutchings has the capacity and standing to bring suit on behalf of the Estate of Michael H. Hutchings as an heir.  Upon information and belief, Michael H. Hutchings did not have a will at the time of his death. Michael H. Hutchings' Estate is not represented by an Executor/Executrix or Administrator approved by a Court.  No estate administration is pending or necessary.  There are no estate debts or property to collect such that administration is necessary. Finally, Plaintiffs have entered into a Family Settlement Agreement regarding distribution of the estate assets making an estate administration unnecessary in this case.

9.3    As a result of his personal injuries and death, Julie Kathyrn Hutcings, on behalf of the Estate of Michael H. Hutchings seeks a recovery of damages in excess of $3,000,000.00, in total, for the following damages:

    a.     pain, suffering, and mental anguish in the past;

    b.     past medical expenses; and

    c.     funeral expenses.

**X.**

10.0    Plaintiffs will show that they are entitled to recover exemplary damages in this case under the Damages Act found at Chapter 41 of the Texas Civil Practices & Remedies Code and applied by Texas courts.

10.1    UPS is the employer of SMITH.  Upon information and belief, the acts and omissions of SMITH which caused the death of Michael H. Hutchings were in violation of one or more sections of Texas and Federal law.  Said acts or omissions occurred while SMITH was an employee of UPS and acting within course and scope of his employment.  Moreover, UPS is individually liable for exemplary damages by acting with malice in hiring an unfit employee and/or ratifying or approving the conduct of SMITH.

10.2    Plaintiffs will show that the acts and omissions of SMITH and UPS were caused by the gross negligence of SMITH and UPS.  The acts or omissions, when viewed objectively from the Defendants' standpoint at the time it occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Finally, SMITH and UPS had actual, subjective awareness of the risk but proceeded with conscious indifference to the rights, safety, and welfare of others such as Michael H. Hutchings and Plaintiffs.

## XI.

11.0    Plaintiffs herein claim interest in accordance with Texas Finance Code §304.001 *et seq.* and any other applicable law.

## XII.

12.     Plaintiffs hereby request that the factual determinations in this case be determined by a jury of their peers, as is her right under the Texas and United States Constitutions.

## XIII.

13.     For these reasons stated herein, Plaintiff asks that SMITH and UPS be cited to appear and answer and that Plaintiffs have judgment against SMITH and UPS, jointly and severally, for the following:

      a.      Actual damages, which are in excess of the jurisdictional limits of this court;

      b.      Prejudgment and post-judgment interest as allowed by law;

      c.      Costs of suit;

      d.      Exemplary damages;

      e.      Such other and further damages as may be allowable under law; and

      f.      All other relief, in law and in equity, to which Plaintiffs may be justly entitled.

Dated this the 1st day of April 2013.

Respectfully submitted,

THE CARLILE LAW FIRM, LLP
400 South Alamo Street
Marshall, Texas 75672
Phone (903) 938-1655
Fax: (903) 938-0235

*/s/ D. Scott Carlile 4/01/13*

D. Scott Carlile
State Bar No. 24004576
scarlile@carlilelawfirm.com
Lead Counsel for the Plaintiffs
Casey Q. Carlile
State Bar No. 24025868
ccarlile@carlilelawfirm.com