IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JULIE K. HUTCHINGS, ET AL. | § § | |
| v. | § § | Case No. 2:13-CV-246-JRG-RSP |
| UNITED PARCEL SERVICE, INC., ET AL. | § § § | |

## MEMORANDUM ORDER

Currently before the Court is Defendants' Motion to Transfer Venue (Dkt. No. 5), filed by Defendants on April 30, 2013. The motion seeks to transfer this case to the Northern District of Texas under 28 U.S.C. §1404(a).

## APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. See *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of

1

compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.* The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* at 315. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II,* 545 F.3d at 314-15

## DISCUSSION

### A. Proper Venue

The parties do not dispute that both the Northern and Eastern Districts of Texas are proper venues for this matter.

### B. Private Interest Factors

#### 1. Cost of Attendance for Willing Witnesses

The convenience of the witnesses is probably the single most important factor in a transfer analysis. *U.S. United Ocean Services, LLC v. Powerhouse Diesel Services, Inc.*, 932 F.Supp.2d 717 (E.D. La. 2013); *Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.*, 844 F. Supp. 1163, 1166 (S.D. Tex. 1994). While the Court must consider the convenience of both the

2

party and non-party witnesses, it is the convenience of non-party witnesses that is the more important factor and is accorded greater weight in a transfer of venue analysis. *Aquatic Amusement Assoc., Ltd. v. Walt Disney World Co.*, 734 F.Supp. 54, 57 (N.D.N.Y. 1990); *see also* 15 Wright & Miller, Federal Practice and Procedure § 3851 (3d ed. 2012). A district court should assess the relevance and materiality of the information the witness may provide. However, there is no requirement that the movant identify key witnesses, or show that the potential witness has more than relevant and material information. *See, e.g., Volkswagen I*, 371 F.3d at 205 (5th Cir. 2004) (holding that a District Court should consider "the **relevance and materiality** of the testimony from … non-party fact witnesses.") (Emphasis added.)

Defendant focuses on the first responders and Sheriff's deputies who came to the scene of the accident, but they are not likely to be material trial witnesses. The decedent was fatally injured at the scene and liability for the collision is not seriously contested, as the UPS driver admits he was looking down at his tablet computer when the collision occurred. The more relevant and material witnesses will be those who know and have treated the decedent's four children who live in Louisiana, within 100 miles of Marshall, Texas.

Plaintiff identifies the treating doctors, which are at the heart of the damages claim, as Dr. Richard Williams in Shreveport and Dr. Susan Vigen in Shreveport. Other doctors, such as Dr. Law and Dr. Harris, also in Shreveport, are important witnesses to the treatment of the plaintiffs. These witnesses appear highly relevant and material to the claims at issue. They fall within the subpoena power of this Court, but outside of the subpoena power of the Northern District of Texas, and would be very difficult for plaintiffs to cause to go to Amarillo for a trial. To the extent that eyewitness testimony does have some materiality in the case, Plaintiffs have also

3

identified the first witnesses to arrive at the scene as Sidney and Casey Matthews, who live in the Eastern District. Plaintiff has also identified a number of witnesses that they may offer as to the effect of Mr. Hutchings' death on the plaintiffs, all of whom appear to reside in Shreveport. Dr. Gonzales in Bossier City, Louisiana comforted the plaintiffs on the night of the death and has counseled them since then. The decedent's parents also live in Bossier City and are important witnesses for their grandchildren. Plaintiffs also identify numerous other friends, family members, teachers and others who live within the subpoena power of this Court, but outside the subpoena power of the Northern District, and will have important roles as trial witnesses.

The vast majority of the first responders and deputies identified by Defendant as residents of the Northern District are individuals who expect to be called upon to give testimony as part of their jobs, and who could be subpoenaed to appear in Marshall because it is within Texas and they would not incur "substantial expense" to appear under Rule 45(c)(1)(B)(ii). The more numerous and material Louisiana witnesses identified by Plaintiffs could not be subpoenaed to Amarillo but could be to Marshall. Accordingly, this factor favors denial of transfer.

  **2.  Relative Ease of Access to Sources of Proof**

All of the UPS records are located in Georgia or elsewhere outside the Northern District. All of the Plaintiffs' records and their related medical records are located in Louisiana, closer to Marshall. Only the records of the first responders and deputies are located in the Northern District, and those have all been gathered by the parties long before suit was filed. This factor is neutral or favors denial of transfer.

  **3.  Availability of Compulsory Process to Secure the Attendance of Witnesses**

As discussed above, the Northern District lacks compulsory process to secure the

4

attendance of a substantial number of witnesses. Thus, this factor favors denial of transfer.

4. **All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive**

Neither party has identified facts making this factor weigh for or against transfer.

C. **Public Interest Factors**

1. **Administrative Difficulties Flowing From Court Congestion**

The speed with which a case can come to trial and be resolved is a factor in the transfer analysis. There is no showing of any material difference between the time to trial in either district. Accordingly, this factor is neutral.

2. **Local Interest in Having Localized Interests Decided at Home**

This factor considers the interest of the locality of the chosen venue in having the case resolved there. *Volkswagen I*, 371 F.3d at 205-06. This consideration is based on the principle that "[j]ury duty is a burden that ought not to be imposed upon the people of a community [that] has no relation to the litigation." While the accident happened in the Northern District, the victim resided in Louisiana, very close to Marshall, whereas the defendant is a Delaware company based in Georgia. In fact, the relationship with the Northern District is so attenuated that Defendants actually argue that Louisiana law, rather than Texas law, should apply to the damages phase of the case.

3. **Familiarity of the Forum With the Law that Will Govern the Case**

While it is presumed that all judges can apply the law equally well, since the Defendants are arguing for the application of Louisiana law, it bears mention that the undersigned is licensed in both Louisiana and Texas and has served on federal courts in both states as a magistrate judge

5

for many years.

**4.  Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law**

Since both courts at issue are in the same state, this factor is neutral.

## CONCLUSION

The central question presented by §1404(a) is not which district has the most witnesses in it, but rather which district is the most convenient to the witnesses and is in the best position to compel their attendance.  Upon a close examination of the record of this case, that district is the Eastern District, not the Northern District.  Accordingly, the motion to transfer venue is **DENIED**.

**SIGNED this 8th day of January, 2014.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE