# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| JULIE K. HUTCHINGS, ET AL. § | |
| § | |
| v. § | Case No. 2:13-CV-246-JRG-RSP |
| § | |
| UNITED PARCEL SERVICE, INC., ET § | |
| AL. § | |

## **MEMORANDUM ORDER**

Currently before the Court is Defendants' Motion for Reconsideration of Defendants' Motion to Transfer Venue (Dkt. No. 59), Defendants' Supplemental Motion for Reconsideration of Defendants' Motion to Transfer Venue (Dkt. No. 107), and Defendants' Second Supplemental Motion for Reconsideration of Defendants' Motion to Transfer Venue (Dkt. No. 115).

Under Federal Rule of Civil Procedure 72(a), a party may object to a magistrate judge's nondispositive ruling, and the Court must review timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. The Court has considered the objections filed by Defendants. With regard to the original Order issued by Judge Payne (Dkt. No. 36), the Court has reviewed Defendants' objections and the Order, and finds that Defendants have failed to show that any part of the order is clearly erroneous or contrary to law.

The only new issue raised by Defendants is posed in the Second Supplemental Motion for Reconsideration (Dkt. No. 115), where Defendants argue that the Court should now grant its Motion to Transfer because the Plaintiffs Julie Hutchings, Maury Hutchings, and Kimberly Hutchings as next friend of Madison Hutchings and Anna Hutchings have reached a settlement

with Defendants.[1]  Defendants provide no support for their contention that the Court should reevaluate venue at every step of a proceeding, effectively giving any party a second (or third, or fourth) bite at the apple each time a settlement occurs.  On the contrary: it is well-settled that motions to transfer venue are to be decided based on "the situation which existed when suit was instituted."  *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960) (internal citations omitted); *see also In re EMC Corp.*, 501 Fed. Appx. 973, 976 (Fed. Cir. 2013) (applying 5th Circuit law).  Accordingly, the fact that the three parties with Texas ties have a pending settlement does not suggest that this Court should perform a new venue analysis that omits those parties from consideration, and to do so would be in contravention of case law.

Accordingly, IT IS ORDERED that Defendants' Motion for Reconsideration of Defendants' Motion to Transfer Venue (Dkt. No. 59), Defendants' Supplemental Motion for Reconsideration of Defendants' Motion to Transfer Venue (Dkt. No. 107), and Defendants' Second Supplemental Motion for Reconsideration of Defendants' Motion to Transfer Venue (Dkt. No. 115) are **DENIED**.

**So ORDERED and SIGNED this 13th day of May, 2014.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that the parties in question have not been dismissed, and the proposed settlement is yet to be approved by the Court.